*723 OPINION OF THE COURT
Harriet P. George, J.
Respondents move to vacate an ex parte order granting access to their premises for the purpose of an inspection.* Respondents contend that the premises are a legal one-family dwelling pursuant to Administrative Code of the City of New York § D26-40.07, which provides, in part, that inspections of owner-occupied one- and two-family dwellings are only authorized if there is a signed complaint relating to conditions in such a dwelling, or if there is a warrant for such inspection.
Petitioner contends that the typed citizen complaint form directed to the Buildings Department by Community Board 9 is sufficient to qualify as a signed complaint. The body of the complaint states: "Illegal 3 family house built as a 1 family house, please inspect.” No identification number or case number has been assigned, in fact, these boxes on the form were left blank. Community Board 9 is listed as the complainant and their complaint form is unsigned. There is no signature at the bottom of the form, no case number assigned and no indication as to the basis of Community Board 9’s complaint. Accordingly, the complaint is deemed insufficient on its face to qualify as a "signed complaint” as required by the Administrative Code.
Absent a signed complaint, in order to gain access for the purpose of inspecting the premises over respondents’ objection, petitioner must obtain a warrant. Therefore, the court must decide whether the ex parte access order entered on October 25, 1985 should be vacated under these circumstances. In deciding this issue, the court must determine the standard to apply in obtaining an ex parte order to provide access for an inspection of an owner-occupied one- or two-family home.
Clearly, Administrative Code § D26-53.06 enables the court upon "appropriate application by the department supported by an affidavit or affirmation, [to] issue an order” to inspect the premises. Here, respondents have had no opportunity to be heard prior to the issuance of the access order. In claiming *724 that the premises were illegally converted to a three-family house, petitioner must lay bare the facts on which it relies.
In the case at bar, there is no signed complaint from any individual with actual knowledge of any facts pertaining to the premises, nor is there a sufficient supporting affidavit substantiating the allegation in the complaint. No information is provided by a person with actual knowledge concerning the number of persons coming and going from the premises or listed on the doorbells and mailboxes which would show a pattern of daily life by more than one family. There is no documentary proof, such as a listing of names and addresses by the post office, which would indicate that mail is left at the premises for more than one unit on a regular basis. There are no specifics provided as to the number of utility meters, nor are there allegations as to automobiles at the premises and their license plate numbers or voting records of the alleged occupants. There is no information provided with regard to telephone, electric or gas company records as to the users of utilities at the premises.
The legal test to be applied in determining whether an access warrant should be granted was established by the United States Supreme Court in Camara v Municipal Ct. (387 US 523 [1967]). The standard set forth is whether probable cause exists to issue a warrant. Although the standard is less stringent than in a criminal case, the court stated that such an application must be "reasonable” under the circumstances. In determining "whether a particular inspection is reasonable —and, thus, in determining where there is probable cause to issue a warrant for that inspection — the need for the inspection must be weighed in terms of the reasonable goals of code enforcement” (387 US 523, 535, supra). In Camara, the dwelling was a rental unit used for commercial purposes and a plan or area inspection of all such dwellings was in effect. There is no plan or area inspection in effect to inspect one-family homes. Instead, owner-occupied one- and two-family homes are specifically exempt from inspections unless the application is accompanied by a signed complaint or warrant. If a detailed supporting affidavit had been submitted with the ex parte order for access to inspect the premises, it would be clearer to this court why such a drastic remedy as an ex parte application had been sought by petitioner. Here, there is no allegation of the existence or threat of imminent danger to life and safety which would require an ex parte order. Additionally, *725 there is no allegation which would support an order on notice for access.
Furthermore, the ex parte nature of the application poses serious due process violations. (See, Matter of Department of Hous. Preservation & Dev. v Cohen, 128 Misc 2d 351 [in that case, the court was reluctant to grant the requested relief even under emergency conditions]). Administrative Code § D26-53.06 (b) states in pertinent part: "If [the department’s] application is found appropriate, the court may issue an order to show cause why the order of access should not be issued.”
This court holds that, as a matter of law, an access order to inspect a one- or two-family home in which the owner occupies one unit may only issue on notice to the owner without a showing of life-threatening emergency conditions presenting immediate and irreparable harm. In so ruling, the court must weigh the prejudice to the department against the constitutional rights of the individual homeowner. Absent a showing of compelling circumstances, such a ruling does not unduly burden the department in the enforcement of its appointed duties. Accordingly, the court finds that an ex parte application for an access order without such a showing violates the US Constitution 4th Amendment and applicable State and local laws. "The basic purpose of this Amendment, as recognized in countless decisions of this Court, is to safeguard the privacy and security of individuals against arbitrary invasions by government officials.” (387 US 523, 528, supra.)
The expectation of privacy anticipated by an owner who occupies his own one- or two-family home is much greater than that of an owner of a multiple dwelling who is in the business of being a landlord responsible for the lives of many tenants. This conclusion is supported by the fact that the Legislature saw fit to exempt one- and two-family homes from the plethora of regulations concerning multiple dwellings.
Based upon the foregoing, the papers presented are insufficient to merit granting the relief sought by petitioner. It is, therefore, ordered that the ex parte access order of October 25, 1985 is vacated. In addition, the court finds that petitioner has failed to refute respondents’ counterclaim for legal fees, whereby the court awards respondents reasonable legal fees in an amount to be determined at a hearing to be held on January 9, 1987, Part 18C, at 9:30 a.m., room 147.

 This matter was assigned to Housing Part 18C by the calendar Judge assigned to Part 18. The underlying order was signed by a Civil Court Judge and the subsequent order to show cause staying the proceeding was signed by the Judge assigned to Special Term. The instant motion was referred to both Judges. After both Judges declined jurisdiction over the matter, a stipulation was entered into on the record, whereby the parties consented to having this court render a decision.