OPINION OF THE COURT
Jose Rodriguez, J.
Petitioner New York City Housing Authority (NYCHA) commenced this summary licensee proceeding seeking possession of premises located at 3020 Yates Avenue, apartment 6B, Bronx, New York. Petitioner notified this court that it had information that the tenant of record vacated the subject apartment and that the tenant’s adult son, respondent herein, was entitled to remaining family member grievance. However, a grievance had not been requested. In addition, NYCHA reported that respondent is receiving Supplemental Security Income and may have a mental impairment. As respondent failed to appear in this proceeding, the court appointed a guardian ad litem (GAL) for him. The court also referred the matter to Adult Protective Services which found respondent ineligible for services based upon its inability to locate him.
Respondent’s GAL, by motion, seeks an order permitting him access to the subject NYCHA apartment in order to locate and communicate with respondent. After several unsuccessful attempts to contact respondent the GAL filed the instant motion. In support of the motion, the GAL submitted an attorney’s affirmation in which he alleged that Mr. Bennett has no known telephone number and that his attempts to contact respondent, which include knocking on his door on several occasions, leaving notes, writing to respondent and contacting neighbors were unsuccessful. In addition, the GAL states that NYCHA management reported to him that they also made several attempts to contact respondent. He was informed that NYCHA had also repeatedly knocked on respondent’s door and left notes at the premises urging respondent to contact them. The landlord informed the GAL that he ultimately used his own key to attempt to enter the premises but found the door chained from the inside and was unable to gain access. The landlord knocked and called out, but no one responded.
The GAL asserts that respondent’s mother, the former tenant of record, moved to South Carolina and that she had not sought to have Mr. Bennett replace her as head of household prior to her departure. It is the GAL’s position that respondent would be entitled to succeed to the tenancy as a remaining family *688 member were he only to file a grievance with NYCHA seeking such relief. The GAL alleges that Mr. Bennett’s siblings, as well as other family members, reside nearby but that they have not attempted to assist him, leaving respondent without support or services and incapable of handling the process to secure and sustain his housing. Through this motion, the GAL seeks an order from the court providing access to the premises together with whatever assistance from NYCHA as may be necessary to gain access to the chain-locked premises. The GAL also seeks an order directing the New York Police Department to provide officers to accompany him when he enters the apartment.
For the reasons set forth below the court is constrained to deny the motion. The Civil Court of the City of New York is a court of limited jurisdiction. Pursuant to the New York City Civil Court Act, the housing court’s jurisdiction encompasses proceedings related to the maintenance of housing standards. (CCA 110 [a] [4]; [b]; 203 [k], [n].) The only authority the GAL offers in support of his application for access to the premises is Housing Maintenance Code (Administrative Code of City of NY) § 27-2008, which addresses a landlord’s right to obtain access to a tenant’s residence to address maintenance and repair issues. The Housing Maintenance Code allows a landlord or code enforcement agency to obtain access to an apartment for the purpose of correcting a documented emergency repair condition. (Housing Maintenance Code §§ 27-2008, 27-2091; Osman v Kirschenbaum, 24 Misc 3d 143[A], 2009 NY Slip Op 51762[U] [App Term, 1st Dept 2009]; Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Cohen, 128 Misc 2d 351 [Civ Ct, NY County 1985].) It does not permit a private individual, or attorney, or the police to obtain access to an apartment, so that someone may have contact with a possible occupant, unrelated to an emergency repair issue. There is no evidence presented or even a suggestion that an emergency condition exists inside the apartment that relates to the Housing Maintenance Code or that the occupant of the subject apartment is in any danger.
The United States Supreme Court established that the standard to be applied in determining whether an access order should be granted is whether probable cause exists to issue a search warrant. (Camara v Municipal Court of City & County of San Francisco, 387 US 523 [1967]; Matter of Department of Hous. Preserv. & Dev. of City of N.Y. v Perlongo, 134 Misc 2d 722 [Civ Ct, Queens County 1986].) In Camara the tenant appellant was arrested and charged with violating the San *689 Francisco Housing Code for refusing to permit access to his premises and an inspection by the San Francisco Department of Public Health. The municipal inspector had entered the building to perform the routine annual inspection for possible Housing Code violations. Upon entering the building, he was informed by the building’s manager that Mr. Camara, the ground floor lessee, was using part of the premises for residential use in violation of the building’s occupancy permit. Mr. Camara refused to provide access to the inspector and denied several other requests for access to his premises, in the absence of a search warrant. The case ultimately went before the United States Supreme Court which held that such warrantless inspections violate the Fourth Amendment. (Camara, 387 US 523, 527 [1967].) Thus, even if this court had the power to issue the equivalent of a search warrant, which it does not, the mandatory predicate for issuance of such an order is not present.
Despite the diligent efforts of the GAL, there is no competent evidence before the court even to indicate that respondent Ronald Bennett is in actual occupancy of the apartment. If Mr. Bennett is truly in personal danger, and this court may not engage in mere speculation in this regard, the GAL may seek other appropriate remedies to gain access to the premises and to assist Mr. Bennett. Although well-intended, the instant application lacks legal and factual foundation.
Accordingly, the court must deny the motion.